Robert D. Bassett, Esq. #192169
QUINLAN, KERSHAW & FANUCCHI, LLP
2125 Merced Street
Fresno, California 93721
Telephone: (559) 268-8771
Facsimile: (559) 268-5701
Email:  R.Bassett@qlffirm.com

Attorneys for Plaintiff, Eric Phillips, surviving biological son of Decedent, Richard Phillips

# IN THE UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC PHILLIPS, SURVIVING BIOLOGICAL SON OF DECEDENT, RICHARD PHILLIPS,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | CASE NO. 1:23-cv-01753-BAM<br><br>**STIPULATED PROTECTIVE ORDER; [PROPOSED] PROTECTIVE ORDER**<br><br>**ORDER VACATING STATUS CONFERENCE** |

It is hereby stipulated by and between Plaintiff, ERIC PHILLIPS, SURVIVING BIOLOGICAL SON OF DECEDENT, RICHARD PHILLIPS, and Defendant, THE UNITED STATES OF AMERICA, by and through their attorneys of record herein:

In light of the nature of this litigation, and in particular that it involves medical treatment and services provided to Decedent, Richard Phillips, the parties anticipate that a protective order may be necessary to cover information protected by the Privacy Act, 5 U.S.C. § 552a.

The parties acknowledge and agree that certain medical records, deposition testimony and potentially discoverable documents in this case will contain confidential information regarding Decedent, Richard Phillips.  This information is integral to proving or disproving the medical negligence alleged in this action.

Subject to and without waiving any statutory or Constitutional privileges or objections to the admissibility or discoverability of any testimony, information or documents produced in connection with this Order, the parties stipulate that access to and use of such testimony, documents, and information shall be governed by the provisions of this Stipulated Protective Order and that the terms set forth herein may be entered by the Court, pursuant to Federal Rules of Civil Procedure 26(c).  This Stipulated Protective Order shall also apply to all copies, extracts, and summaries of designated documents.

## I.
## DESIGNATION OF CONFIDENTIAL DOCUMENTS

A. "Confidential" materials shall be all documents that are handwritten, typewritten, printed, photostated, photographed, photocopied, transmitted by electronic mail or facsimile, and recorded by every means upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds or symbols, or combinations thereof, and any records thereby created regardless of the manner in which the record has been stored, which contain confidential and private information pertaining to Decedent, Richard Phillips. Any document designated as "Confidential" by a party producing that document shall, without more, subject that material to the provisions of this Stipulated Protective Order.

B. The scope of this Stipulated Protective Order is limited to any such materials identified above related to or referencing medical treatment and services provided to Richard Phillips.

C. Any document may be designated as "Confidential" upon a good faith determination by a party that the document falls within the purview of the specified category of protected documents by stamping or affixing the word "CONFIDENTIAL" on the face of the document. Tangible things other than

documents (e.g., audio tapes, products, computer disks, etc.) may be designated by stamping or affixing the designation to the item or its container as appropriate.

D. Any party may designate material as "Confidential" after production, only under the following conditions:

    1. The party to whom such documents have been produced must be timely notified;

    2. The new designation applies only as of the date and time of receipt of notice by the party notified;

    3. The party to whom such documents have been disclosed must be provided with another copy of the documents that bears the new and correct designation;

    4. The party to whom such documents have been produced must make a good faith effort to immediately retrieve any information disclosed to persons not authorized by this Protective Order to receive such information, and obtain an agreement from the persons to whom the disclosure was made to be bound by this Protective Order.

## II.

## **RESTRICTIONS REGARDING CONFIDENTIAL DOCUMENTS**

A. No "Confidential" documents produced by any party shall be used for any purpose other than in this litigation, in preparation for, and in use at trial of this case.

B. There shall be no disclosure of documents designated as "Confidential" to anyone other than the following:

    1. The parties to the case, including current employees, officers, or directors of a corporation or entity party responsible for assisting counsel in the litigation and who have a reasonable need to know the contents of the "Confidential" documents;

    2. The parties' attorneys, and the attorneys' staff, including, but not limited to, outside copy service personnel;

3. Experts and consultants retained by attorneys for the parties in the preparation or presentation of the case;
4. The court or other officer who presides over any proceeding in the case, and to court reporters as necessary; and
5. If a party wishes to file a "Confidential" document with the court, the party must seek to do so under seal in compliance with Local Rule 141.

C. Disclosure

1. Other than the parties' attorneys, any person to whom Confidential documents or their information are to be disclosed shall be provided and required to read a copy of this Stipulated Protective Order before disclosure of such information to that person. The person must agree to abide by the terms of this Stipulated Protective Order by executing a non-disclosure agreement that acknowledges that the person has reviewed the Stipulated Protective Order, that the person understands the Stipulated Protective Order, and that the person agrees to abide by the Stipulated Protective Order, and by providing the signed agreement to counsel who intends to make such disclosure. Counsel for each party shall maintain a list of the names of all persons to whom he, she, or they have disclosed Confidential documents or the information contained therein, and shall, upon three business days-notice, produce to any other party copies of such agreements for inspection and copying.

2. Whenever, during the course of a deposition, "Confidential" documents or information are utilized by the examining attorney, only those persons permitted access to such documents pursuant to this Stipulated Protective Order shall be present at the deposition. Counsel for the party noticing the deposition shall instruct the court reporter that he or she is to ensure that all exhibits containing "Confidential" exhibits are labeled prominently as "CONFIDENTIAL," and that originals or copies of such "Confidential" exhibits may be released to no one except counsel for the parties.

3. Any party to this Stipulation may designate testimony given during a deposition as "Confidential" via the party's counsel making a statement on the record before or during the testimony that is "Confidential" and subject to this stipulation and order. The portions of a deposition which contain "Confidential" testimony shall be prepared by the court reporter in a separate transcript.

## III.

## GENERAL

A. The terms of this Stipulated Protective Order shall be binding on all parties from the time that all parties' counsels have signed the Stipulation, even if the Court has not signed the Order.

B. This Stipulated Protective Order may be modified or terminated by the court for good cause shown, or by signed stipulation by all parties.

C. Any party for good cause may apply to the court to challenge a designation made by any other party, or to reveal information that the producing party has redacted, after an attempt has been made to meet and confer over the issue. Upon such a request to the court to challenge the designation made, the court shall first review the documents and determine whether the designation is appropriate. The parties shall comply with this Stipulated Protective Order unless the court orders otherwise.

D. The party designating material as "Confidential" may waive any of the provisions of this Stipulated Protective Order in writing.

E. The parties agree that they will meet and confer with the court as necessary about the handling of material designated by any of the parties as "Confidential," produced pursuant to this Stipulated Protective Order for trial purposes. Nothing herein shall be construed as a concession by any party that its presentation at trial of evidence relevant to its claims or defenses should be restricted in any manner.

F. This Order shall be without prejudice to present a stipulation or motion to the court under Federal Rules of Civil Procedure 26(c) for a separate Protective

Order as to any particular document or information, including restrictions different from those as specified herein. This shall not be deemed to prejudice the parties in any way in any future application for modification of this Stipulation and Order.

## IV.
## **TERMINATION OF THE LITIGATION**

Within twenty days after a settlement, judgment or dismissal in this matter, all *original* "Confidential" materials and all copies or portions thereof containing or reflecting information from "Confidential" documents shall be returned to counsel for the producing party. *Copies* of any such documents may be destroyed by the party in possession.

**IT IS SO STIPULATED.**

Dated:  May 7, 2024                    QUINLAN, KERSHAW & FANUCCHI, LLP


                                       By:  /s/ Robert D. Bassett
                                            ROBERT D. BASSETT, ESQ.
                                            Attorney for Plaintiff


                                            PHILLIP A. TALBERT
Dated: May__3,__2024                        United States Attorney


                                       By:  /s/ Alyson A. Berg
                                            ALYSON A. BERG
                                            Assistant United States Attorney
                                            Attorneys for UNITED STATES
                                            OF AMERICA

## ORDER

Having considered the above stipulation and finding good cause, the Court adopts the signed stipulated protective order.

The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents subject to the protective order to be filed under seal must be accompanied by a written request which complies with Local Rule 141 prior to sealing. The party making a request to file documents under seal shall be required to show good cause for documents attached to a non-dispositive motion or compelling reasons for documents attached to a dispositive motion.  *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2009). Within five (5) days of any approved document filed under seal, the party shall file a redacted copy of the sealed document.  The redactions shall be narrowly tailored to protect only the information that is confidential or was deemed confidential.

Additionally, the parties shall consider resolving any dispute arising under the protective order according to the Court's informal discovery dispute procedure.

Furthermore, the status conference currently set for **May 15, 2024** to address the anticipated protective order is VACATED.

IT IS SO ORDERED.

Dated:   **May 7, 2024**             /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE