ERIC GRANT
United States Attorney
ALYSON A. BERG
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099
Alyson.Berg2@usdoj.gov

Attorneys for United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC PHILLIPS, SURVIVING BIOLOGICAL SON OF DECEDENT, RICHARD PHILLIPS, <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES OF AMERICA, <br><br> Defendant. | CASE NO. 1:23-cv-01753-FRS (SAB) <br><br> **JOINT STIPULATION TO MODIFY SCHEDULING ORDER; ORDER** |

TO THE HONORABLE COURT:

Plaintiff Eric Phillips, and Defendant United States (collectively, "the Parties"), by and through their respective counsel of record, hereby agree to the following Stipulation to Modify the Scheduling Order [Dkt 21] to extend the dispositive motion filing date and trial date in this matter. Good cause exists for the requested extension as discussed below.

WHEREAS, the Parties have been diligently conducting discovery, including expert depositions;

WHEREAS the Parties have been continuously discussing a possible resolution of the case rather than United States filing a dispositive motion prior to the government shutting down for forty-three (43) days from October 1 through November 14, 2025;

WHEREAS the Parties promptly resumed discussions regarding a possible resolution of the case rather than United States filing a dispositive motion after appropriations were provided for government

JOINT STIPULATION; ORDER
1

operations;

WHEREAS the Parties have now concluded their efforts at possible resolution of the case among counsel;

WHEREAS the Parties have now agreed to participate in a settlement conference with a Magistrate Judge to be set within the next two months in further effort to resolve the case;

WHEREAS the Parties now agree to extend the deadline for the United States to file a dispositive motion to April 30, 2026 to allow for a meaningful settlement conference;

Whereas the Parties now agree that should the case not resolve, the Parties jointly request assignment to a District Court Judge for trial;

WHEREAS the Parties agree that this modification of the Scheduling Order to extend the dispositive motion deadline and trial dates is supported by good cause based upon the above as well as Plaintiff's counsel's trial schedule including trials currently set for February 2, 2026; February 17, 2026; March 9, 2026; March 23, 2026; May 18, 2026, June 8, 2026 and July 20, 2026;

WHEREAS the Parties have now agreed that the current trial date of September 1, 2026, is no longer feasible and reassignment of the case to a District Judge requested if the case cannot resolve and the United States files a dispositive motion on April 30, 2026;

Accordingly, the Parties hereby stipulate and agree to modify the subject scheduling order to extend the dispositive motion filing deadline to April 30, 2026 and reset the trial date to February 16, 2027, and respectfully request that the Court enter the [Proposed] Order pursuant to the terms of this Stipulation.

Dated: January 23, 2026

ERIC GRANT
United States Attorney

By:    /s/ *Alyson A. Berg*
         ALYSON A. BERG
         Assistant United States Attorney

         Attorneys for Defendant United
         States of America

JOINT STIPULATION; ORDER

2

Dated: January 23, 2026

/s/ *Robert D. Bassett*
*(as authorized 1/23/2026)*
ROBERT D. BASSETT
QUINLAN KERSHAW & FANUCCI LLP

Attorneys for Plaintiff, Eric Phillips

**ORDER**

Before the Court is the Parties' stipulation to extend the dispositive motion filing deadline to April 30, 2026 and reset the trial date for February 16, 2027.  (ECF No. 29.)  For good cause showing, IT IS THEREFORE ORDERED that:

1.   The dispositive motion filing deadline is extended to **April 30, 2026**;

2.   The trial date is continued to **February 16, 2027**; and

3.   Parties' request to assign a District Judge to this matter is DENIED.  If the parties wish to withdraw consent to Magistrate Judge jurisdiction, the parties must file a formal motion.  See Branch v. Umphenour, 936 F.3d 994, 1003 (9th Cir. 2019) ("[O]nly a district judge may rule on a motion to withdraw consent to the jurisdiction of a magistrate judge."); Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993) ("Once a civil case is referred to a magistrate judge under section 636(c), the reference can be withdrawn by the court only 'for good cause shown on its own motion, or under extraordinary circumstances shown by any party.'") (citing 28 U.S.C. § 636(c)(6))). The parties stipulated rationale does not constitute good cause, especially in light of the clear statutory and case authority.

IT IS SO ORDERED.

Dated:   **January 28, 2026**   

STANLEY A. BOONE
United States Magistrate Judge